Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000025
23-MAR-2017
07:58 AM

NO. CAAP-16-0000025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CIVIL NO. 10-1-0686-03
DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE
FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-1,
MORTGAGE-BACKED NOTES, SERIES 2006-1, Plaintiff-Appellee, v.
PHILIP E. KOZMA, Defendant-Appellant, and E*TRADE BANK;
THE ASSOCIATION OF OWNERS OF KAHALA KUA aka KAHALA KUA
COMMUNITY ASSOCIATION, Defendants-Appellees, and
JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50, Defendants.

AND

CIVIL NO. 08-1-1850-09
THE ASSOCIATION OF OWNERS OF KAHALA KUA aka
KAHALA KUA COMMUNITY ASSOCIATION, A HAWAII NONPROFIT
CORPORATION, BY AND THROUGH ITS BOARD OF DIRECTORS,
Plaintiff-Appellee, v. PHILIP E. KOZMA, Defendant-Appellant,
and AMERICAN HOME MORTGAGE SERVICING, INC.; E*TRADE BANK,
Defendants-Appellees, and JOHN DOES 1-20; JANE DOES 1-20;
DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20;
DOE GOVERNMENTAL UNITS 1-20, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Philip E. Kozma (**Kozma**) appeals from the December 22, 2015 Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Kozma primarily contends that Plaintiff-Appellee Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes, Series 2006-1 (**Deutsche Bank**), lacked standing to foreclose on the subject mortgage and, therefore, that the Circuit Court erred in entering summary judgment in favor of Deutsche Bank.

The Hawaiʻi Supreme Court recently reiterated:

> In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with. See 55 Am. Jur. 2d Mortgages § 575 (Nov. 2016 Update). This typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982) (citing 55 Am. Jur. 2d Mortgages § 554 (1971)). A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage.

Bank of America, N.A. v. Reyes-Toledo, __ Hawaiʻi __, __ P.3d __, No. SCWC-15-0000005, slip op. at 11 (Feb. 28, 2017) (further citations omitted).

In that case, the supreme court held, *inter alia*:

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. . . . As standing relates to the invocation of the court's

---

[1] The Honorable Jeannette H. Castagnetti presided.

> jurisdiction, it is not surprising that standing must be present at the commencement of the case. Accordingly, a foreclosing plaintiff does not have standing to foreclose on mortgaged property unless, [at the time the action was commenced,] the plaintiff was entitled to enforce the note that has been defaulted on.

Id., slip op. at 12-14 (citations, internal quotation marks, and brackets omitted; format altered).

With respect to the foreclosure appeal before it, the supreme court determined:

> Although Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action. Indeed, the copy of the Note attached to the summary judgment motion does not reflect the date of the blank indorsement, and the Egan Declaration, which was made after the filing of the complaint in this case, does not indicate when the indorsement occurred. Further, there is no additional evidence in the record regarding the date of the indorsements or whether Bank of America possessed the Note at the time of the filing of the complaint. Thus, there is a material question of fact as to whether Bank of America was the holder of the Note at the time the foreclosure proceedings were commenced, which in turn raises the issue of whether Bank of America had standing to foreclose on the Property at the time it brought the foreclosure action.
> . . . [T]here is no evidence in the record, either through the Note itself, the Egan Declaration, or the other documents attached to the motion for summary judgment, showing that the blank indorsement on the Note occurred prior to the initiation of the suit. Consequently, there is a genuine issue as to whether Bank of America was entitled to foreclose when it commenced the proceeding. Thus, viewing the facts and inferences in the light most favorable to Homeowner, there is a genuine issue of material fact as to whether Bank of America held the Note at the time it filed the complaint. Accordingly, Bank of America failed to meet its burden of demonstrating that it was entitled to judgment as a matter of law, and the circuit court erred in granting Bank of America's motion for summary judgment. In light of this ruling, we need not address Homeowner's arguments with respect to whether the Mortgage was validly assigned to Bank of America.

Id., slip op. at 19-22 (citation and footnotes omitted).

The dispositive issue in the case now before us is indistinguishable from the above. Here, although Deutsche Bank produced evidence at the time it filed the renewed summary judgment motion that it possessed the subject note, endorsed in

blank, the copy of the subject note attached to the motion does not reflect the date of the blank endorsement, and the supporting declaration, which was made after the filing of the complaint, does not indicate when the endorsement occurred or whether Deutsche Bank possessed the note at the time of the filing of the complaint.

Thus, viewing the facts and inferences in the light most favorable to Kozma, there is a genuine issue of material fact as to whether Deutsche Bank held the subject note at the time it filed the complaint. Accordingly, Deutsche Bank failed to meet its burden of demonstrating that it was entitled to judgment as a matter of law, and the Circuit Court erred in granting Deutsche Bank's renewed motion for summary judgment. In light of this ruling, we need not address Kozma's other arguments.

Accordingly, the Circuit Court's December 22, 2015 Judgment is vacated and this case is remanded to the Circuit Court for further proceedings.

DATED: Honoluolu, Hawai'i, March 23, 2017.

On the briefs:

R. Steven Geshell,
for Defendant-Appellant.

J. Blaine Rogers,
Lori K. Stibb,
(Alston Hunt Floyd & Ing),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge